J. W. GOODSON, EXR., v. THOMAS GOODSON.

AN ADVANCEMENT TO DEVISEE MAY BE A CHARGE UPON DEVISED LANDS.

A loan by a father to a son, subsequent to the execution by the father of his will, which is evidenced as follows "Received of G. G. $900 to be taken out of his estate" signed T. G. is to be charged in equity upon the real estate devised to such son by the will, and an executor is not entitled to a personal judgment against such son in an action to recover such loan.

ERROR to Madison common pleas court.

A. T. Cordray and McCloud & Lincoln, for plaintiff:
G. W. Wilson, for defendant.

## PER CURIAM.

This action was brought in the court of common pleas by the plaintiff in error to recover of defendant the amount of an alleged loan and to charge the amount against a devise of real estate.

A demurrer was sustained to the petition and final judgment rendered. The case is brought here by petition in error.

The petition in the court below sets forth that plaintiff's decedent, George Goodson, devised certain real estate after the death of his wife to his son Thomas (the defendant), and certain other real estate to his son John; that the personalty was devised to the testator's daughters, and that after the execution of the will the testator loaned to Thomas, who was then insolvent, $900 under agreement that Thomas was to repay it out of any portion of the father's estate the son might receive, and that said loan was evidenced by the following receipt:

"LONDON, OHIO, April 13, 1900.

"Received of George Goodson nine hundred dollars (900) to be taken out of his estate.

"THOMAS GOODSON."

## Hamilton County.

We think the rights of the parties may be determined by a construction of this instrument in the light of surrounding circumstances.

The signing of the receipt by Thomas, and its preservation by the father by fair inference sustains the view that he (Thomas) was in some way to be charged with the amount. This inference is supported and strengthened by the clause "to be taken out of his estate." The clause alludes to a future event or occasion. It cannot, fairly, be held to refer to the delivery of the money to Thomas, or the taking of it out of the father's hands. That had already been done and no obligation or receipt of Thomas was necessary to accomplish that object. The terms contemplated a future adjustment or settlement of the amount receipted for. The term "estate" is often used with reference to one's property after death. An order, draft or check implies that the amount is to be charged against the drawer, although not expressed.

That Thomas was to be charged with the amount of the receipt may be implied and read into the receipt, as is done in case of bank checks.

There is, we think, a fair inference that Thomas was to be charged with the amount of this receipt, to be taken out of his father's estate upon distribution, or at the time he came into enjoyment of it and it was charged to him (Thomas). The word "his" before estate might and does refer to Thomas, as contracts are often written in the third person, and we think the construction given by us is the most tenable.

While we think the plaintiff is not entitled to a personal judgment, yet it is appropriate that the amount be charged in equity upon the real estate devised to Thomas.

The petition justifies this relief and to that extent states a cause of action.

The judgment below is therefore reversed, with instructions to overrule the demurrer.